IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE J. MALONE, JR.,

        Plaintiff,

v.

HOOGLAND FOODS, LLC. d/b/a Marco's Pizza,

        Defendant.

ORDER

19-cv-891-wmc

---

Plaintiff Wayne J. Malone, Jr. (Malone) has brought a Title VII sexual harassment and retaliation lawsuit against defendant Hoogland Foods, LLC (Hoogland). Before the court are the parties' competing discovery motions: Malone moves to compel better 26(a)(1) disclosures and to provide complete responses to interrogatories 1, 7, 8 and 9, and RFPs 7, and 17;. Dkt. 32. Hoogland opposes Malone's motion (dkt. 36) and has filed a counter-motion (dkt. 37) to protect its current and former employees' contact information from disclosure to Malone personally. Both sides want costs shifted in their favor. For the reasons stated below, I am granting Malone's motion in part and denying it in part, and I am granting Hoogland's request for a protective order. I am not shifting costs in either direction.

Malone flags these discovery requests in his motion:

**26(a)(1) disclosures:** Malone complains that Hoogland has not provided the addresses and telephone numbers of the individuals identified in its Rule 26(a)(1) disclosures as likely to have discoverable information.

**Int. 1:** The name, addresses (including email) and phone numbers for all employees at Marco's Pizza in Wisconsin Rapids from September 1, 2017 to June 21, 2018.

**Int. 7:** The name, addresses (including email) and phone numbers for all persons believed to have information support any allegation in the amendment complaint or Hoogland's response

to it, *along with* a detailed description of the information, evidence or personal information of each person named.

**Int. 8:** The telephone number and service provider for all phones used or possessed on April 6, 23018 by Jacqueline Steele, the person who Malone alleges harassed him.

**Int. 9:** The telephone number and service provider for all phones used or possessed from May 20 to June 6, 2018 by Melissa Barber, Hoogland's regional manager, to whom Malone claims to have complained during this time period.

**RFP 7:** Steele's time and attendance records from September 1, 2017 through June 21, 2018.

**RFP 17:** Steele's complete personnel file, performance evaluations and disciplinary action notices.

Malone argues why he is entitled to additional information on each of these requests in his brief, dkt. 34, which he supports with 20 exhibits attached to his attorney's declaration.

In its motion for a protective order, Hoogland seeks to protect from disclosure to Malone personally the contact information of its employees implicated by Hoogland's Rule 26(a)(1) disclosures and its responses to Malone's Ints. 1 and 7.

I will deal first with Malone's discovery requests that don't implicate a protective order. . As part of Int. 7, Malone asks Hoogland to "describe in detail" the information, evidence or personal knowledge of each person named. In its July 2, 2021 response to Malone's motion to compel, Hoogland reported that it has supplemented its response to its Rule 26(a)(1) disclosures "to add even more specificity." Dkt. 36 at 10, citing Exh. 13 (dkt. 36-13). According to Hoogland, anything else it knows it learned from its post-filing investigation, which constitutes

work product. Hoogland is correct. Malone is not entitled to any additional detail from Hoogland's attorneys in response to Int. 7.

In response to Malone's Ints. 8 and 9, Hoogland points out that Steele and Barber are non-parties, so requests for their telephone records should have been directed to them personally under Rule 45. Again, Hoogland is correct. That being so, Hoogland reports that it went ahead and provided the information anyway; in so doing, it learned that Malone's attorney already had adduced at least some of this information on her own because she was able to point to a digital discrepancy. *See* dkt 36 at 12. At this juncture, there is nothing left for the court to order disclosed.

In response to Malone's RFP 7, Hoogland reports that it has produced everything responsive that still exists–apparently a lot of documents simply don't exist anymore–and that Hoogland has not withheld any documents and that it told Malone's attorney this. As Hoogland points out, this court cannot order it to produce documents that do not exist.

In response to Malone's RFP 17, Hoogland reports that it had turned over Steele's personnel file before Malone filed his motion to compel, but it had redacted her phone numbers. Malone admits as much in his motion to compel, and admits that he had Steele's numbers from other discovery, but needed these numbers from Steele's personnel file to verify their accuracy. As both sides report, there was a one-digit difference between numbers provided to Malone; Hoogland explains that this was an inadvertent typo; Malone is unmollified, and wants the court to order disclosure "because the information sought is relevant and Hoogland is obstructing Malone's access to it with general, baseless objections and improper redactions." Dkt. 34 at 16.

Hoogland responds that it has now disclosed Steele's previously-redacted numbers. At this juncture, there is nothing left for the court to order disclosed.

The remaining disputes hinge on Hoogland's request for a protective order before turning over the requested contact information for its employees. According to Hoogland, it is

> concerned] for the privacy and safety of its former and current employees because Plaintiff has killed a man by punching him (which, according to his attorney was done in "self-defense"), has a documented police record involving violence, and Defendant's counsel have been informed by one of Plaintiff's former co-employees that Plaintiff made comments to employees who crossed him at work that he "knew people"–which were perceived as threatening.

Dkt. 36 at 2.

Hoogland backs up this last statement by a sworn statement from "John Doe," *See* dkt. 36-8.

Malone responded with his own sworn declaration (dkt. 42), denying that he ever threatened anyone at work, denying that anyone ever told him that they felt threatened, and reporting that he was never disciplined for threats. Malone reports that about 31 years ago, when he was 15 years old, a 39-year old man attacked him, so Malone punched him in self defense; the man fell backwards, hit his head, fell into a coma, then died. Malone did not intend to kill him and he still feels bad about what happened.

Duly noted in both directions. Since the parties couldn't work this out on their own, they will get the court's ruling: pursuant to Rule 26(c)(1) I conclude that this is a situation where a protective order is necessary to allow adequate disclosures to plaintiff's team while protecting the affected non-party witnesses from possible annoyance, embarrassment or oppression. Malone personally is entitled to know the names of the people that Hoogland discloses and he is entitled to know what these people purportedly know (within the limits of

the work product privilege) so that he can provide necessary input to his attorney. But Malone does not personally need to know anyone's address, phone number(s), email address or other contact information. All of these people are third parties, and if any of them is uncomfortable with, or feels intimidated by Malone–despite his protestations to the contrary–then they are entitled to at least a thin layer of protection here, even if it is mainly for their peace of mind. Malone has no right under the discovery rules to insist otherwise. Therefore, Hoogland must provide Malone's attorney with all available contact information, which counsel may share with her staff, including any investigator, but counsel and her staff shall not divulge any of this contact information to Malone personally.

A side note: personal information about virtually everyone is easily ascertainable in the electronic age, and this court cannot prohibit Malone from engaging in his own research. But if Malone personally were to contact or attempt to contact anyone identified by Hoogland–or if he were personally to take any other action inconsistent with the spirit and intent of this protective order– then he would be subject to contempt proceedings that could result in dismissal of his lawsuit with prejudice. That said, I am confident that we will not get there from here, because Malone is smart enough to let his attorney and her agents handle this for him.

Finally, in an August 27, 2021 letter(dkt. 43), Malone's attorney expressed concern about the looming September 17, 2021 deadline to file dispositive motions. With a firm February 14, 2022 trial date, the court can afford to extend the dispositive motion deadline to October 4, 2021, so that is the new deadline. The parties should not expect more extensions.

ORDER

It is ORDERED that:

(1) Plaintiff's motion to compel discovery (dkt. 32) is GRANTED IN PART and DENIED IN PART in the manner set forth in this order.

(2) Defendant's motion for a protective order is GRANTED in the manner set forth in this order. Plaintiff's attorney (and her agents) shall not disclose to plaintiff any witness contact information provided by defendant in response to plaintiff's discovery requests.

(3) Each side will bear its on costs on these motions.

(4) the deadline to file dispositive motions is extended to October 4, 2021.

(5) The September 9, 2021 telephonic status conference is CANCELED as unnecessary.

Entered this 1st day of September, 2021.

                                            BY THE COURT:

                                            /s/

                                            STEPHEN L. CROCKER
                                            Magistrate Judge